IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50295
Conference Calendar
_____

JAMES LEE SWEED,

                                    Plaintiff-Appellant,

versus

73rd LEGISLATIVE OF THE
STATE OF TEXAS,

                                    Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. CA-EP-95-164
- - - - - - - - - - -
August 24, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     James Lee Sweed appeals the dismissal of his civil rights suit pursuant to 28 U.S.C. § 1915(d). A complaint filed in forma pauperis may be dismissed as frivolous if it lacks an arguable basis in fact or law. A § 1915(d) dismissal is reviewed for abuse of discretion. Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992).

---

     [*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Claims alleging "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" cannot be brought under § 1983 unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Heck applies to proceedings which call into question the fact or duration of parole. Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995), petition for cert. filed (U.S. May 15, 1995) (No. 94-9704).

Sweed does not allege that his sentence or any revocation proceeding has been reversed, expunged or set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the district court did not abuse its discretion when it dismissed his complaint pursuant to § 1915(d).

AFFIRMED.